## Ashland Borough's Petition.

*L. E. Enterline,* for petition; *M. M. Burke* and *P. H. Burke,* for exceptant.

KOCH, P. J., July 22, 1929.—Section 107 of the General Borough Act, approved May 4, 1927, P. L. 519, says: "Any borough or incorporated town, incorporated or acting under any local or special act of assembly, may surrender the provisions of its special acts in their entirety, so far as they are inconsistent with this act, and be governed by the provisions of this act, by presenting a petition to the Court of Quarter Sessions of the proper county, setting forth the desire of such borough or incorporated town to accept the provisions of this act. The petition shall also set forth whether it is the desire of the petitioners to surrender all of the provisions of its special acts or to retain such provisions of its special acts as are not inconsistent with this act.

Such petition shall be made by the burgess and council or by twenty-five qualified electors of the borough or incorporated town," etc.

In this instance we have the petition of the burgess and council. John Carr, as a citizen, taxpayer and supervisor of said borough, filed exceptions to said petition, of which exceptions we need only consider the 5th, which reads as follows:

"5. Petitioners pray the court (page 5) to allow the Council of the said Borough of Ashland to surrender the provisions of section 4 of the Act of 1864, P. L. 343, in its entirety, and to surrender section 2 of the Act of 1859, P. L. 577, in its entirety, and portion of section 1 of the Act of 1872, P. L. 79, 'so that said section 1 of the Act of 1872, P. L. 79, shall read as set forth in the bottom of page 5.' This exceptant objects that petitioner cannot in any wise change or alter, by order of this court, any portion of the Act of 1872, P. L. 79, for such change would amount to legislation or be equivalent thereto, and neither petitioners nor this court have authority, under the law, to so legislate."

We think the ground of this exception is tenable.

The prayer of the petitioner is to be allowed to surrender the provisions of section 4 of the Act of April 8, 1864, P. L. 343, in its entirety, the provisions of section 2 of the Act of April 13, 1859, P. L. 577, in its entirety, and that portion of section 1 of the Act of Feb. 6, 1872, P. L. 79, as being inconsistent with the Act of 1927, which reads as follows: "At the next election for borough officers of said borough and annually thereafter."

The evident purpose of the petitioners is to change in certain particulars only the law regulating the Borough of Ashland. But we have no power to do that; such power vests only in the general assembly, and the General Borough Act of 1927 vests no such power in us. The act allows a borough to surrender "the provisions of its special acts in their entirety, or so far as they are inconsistent with" the act. If a borough surrender its special laws in their entirety, it immediately becomes subject to all the provisions of the Act of 1927, and is no longer governed by any of the provisions of its special laws. But if it surrender its special laws only "so far as they are inconsistent with this Act" of 1927, the borough is then governed by the Act of 1927 and the provisions in the special acts which are not inconsistent with said Act of 1927. The borough must "accept the provisions of this act." It may not accept only a part of the act—it must accept the whole of it. And it is incumbent upon a petitioning burgess and council to say whether they desire to surrender all of the provisions of their special acts or retain such provisions of the special acts as are not inconsistent with the General Borough Act of 1927. The provisions in the law require the petitioners to do one thing or the other; they do not enjoy the privilege of surrendering some inconsistent provisions and retaining other inconsistent provisions. "To retain *such* provisions of its special acts as are not inconsistent with this act" does not mean to retain only *some* provisions as are not inconsistent; they must retain all or none of such provisions. And they are not called upon to set forth those special provisions in their petition.

The petitioners conclude their petition by saying: "And also to surrender section 2 of said Act of 1872, P. L. 79, in its entirety, the same, however, not to be effective as to the terms of office of the present treasurer or supervisor until the expiration of their present terms."

How could we, under the law, change the effect of such a surrender?

The petition is dismissed, the petitioners are allowed an exception and bill is sealed.